UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL WILSON,

        Plaintiff,

vs.

AMY MILLER, et. al.,

        Defendants.

No. C 12-5118 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at Centinela State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

**DISCUSSION**

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

This is plaintiff's third complaint in this action.  The various complaints have presented allegations that occurred at three different institutions in three different districts and many of the claims were unrelated.  Plaintiff was informed that he needed to present claims that occurred in this district and to provide additional details.  This second amended complaint contains no allegations regarding events that occurred while plaintiff was housed in this district at the Correctional Training Facility.  Therefore, this action will be dismissed.  Plaintiff is informed that if he chooses to file a separate action regarding these claims, California Men's Colony is located in the Central District of California and Centinela State Prison is located in the Southern District of California.

## CONCLUSION

1. Plaintiff's motion for relief (Docket No. 14) is **DENIED** as it involves claims and defendants not in this district.

2

2. The second amended complaint is **DISMISSED** and this case is **CLOSED**.

**IT IS SO ORDERED.**

Dated: April 30, 2013.

　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　United States District Judge

G:\PRO-SE\PJH\CR.12\Wilson5118.dsm.wpd